IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KEVIN GROS CONSULTING & MARINE SERVICES, INC. | CIVIL ACTION NO.: |
| VERSUS | SECTION: |
| PROBE RESOURCES US LTD., AND PROBE ST 214, LTD. | |

**COMPLAINT**

NOW INTO COURT, through undersigned counsel, comes Plaintiff, Kevin Gros Consulting and Marine Service, Inc., and files this Complaint for damages, and avers upon information and belief as follows:

1.

This matter involves the recovery of unpaid hire and freight, delinquent accounts, and other damages incurred for vessel services that have been provided to the Defendants. This Court has subject matter jurisdiction over the instant proceedings because this matter is within the admiralty jurisdiction of the Court pursuant to 28 USC § 1333 and Rule 9(h) of the Federal Rules of Civil Procedure.

2.

Plaintiff Kevin Gros Consulting and Marine Service, Inc. (Kevin Gros) is and was at all times pertinent to the present action a corporation duly organized and existing under the laws of the state of Louisiana, and the owner *pro hac vice* of the CLARA B and MAAD HUNTER V.

3.

Upon information and belief, Defendant Probe Resources US Ltd. was at all times pertinent to the present action a company organized under the laws of the State of Texas, with its

principal place of business located at 24 Waterway, Suite 1450, Houston, Texas 77380, and authorized to conduct business in Louisiana, and who may be served through its registered agent for service of process, National Registered Agents, Inc., 1011 North Causeway Boulevard, Suite 3, Mandeville, Louisiana 70471.

4.

Upon information and belief, Defendant Probe ST 214 Ltd. was at all times pertinent to the present action a company organized under the laws of the State of Texas, with its principal place of business located at 24 Waterway, Suite 1450, Houston, Texas 77380, and authorized to conduct business in Louisiana, and who may be served through its registered agent for service of process, Corporation Service Company, 320 Somerulos Street, Baton Rouge, Louisiana 70802.

5.

Upon information and belief, Defendants Probe Resources US Ltd., Probe ST 214, Ltd., their agents, contractors, sub-contractors, subsidiaries, and/or affiliated entities (hereinafter collectively referred to as "Probe") owned and/or operated production platforms, drilling rigs, and other offshore installations in the Gulf of Mexico off the Louisiana Coast that produced hydrocarbons from certain oil and gas leases held by Probe. Probe required the use of offshore supply vessels to transport personnel, equipment, materials, and other cargoes to these offshore facilities.

6.

Upon information and belief, Probe entered into an agreement with Kim Susan, LLC (Kim Susan) to charter vessels and provide transportation services to the offshore facilities owned and/or operated by Probe, as more fully described in the paragraphs below.

7.

Before Kim Susan entered into any contract with Probe for the subject vessels, Kevin Gros entered into a non-recourse Brokerage Agreement with Kim Susan. Pursuant to the terms of this Brokerage Agreement, Kim Susan would arrange for the charter of certain vessels owned and/or operated by Kevin Gros. The Brokerage Agreement, at Paragraph 2, expressly provides that Kim Susan and Kevin Gros are independent from one another and that there was no agency or employment relationship created. (A copy of the Brokerage Agreement is attached hereto as Exhibit "A").

8.

Under the terms of the Brokerage Agreement, Kevin Gros has a right to make a direct claim against the party requesting vessel services from Kim Susan, in the event that Kim Susan is not paid.

9.

Beginning in December 2008 and continuing through 2009, the CLARA B and MAAD HUNTER V provided transportation services to offshore installations owned and/or operated by Probe through work which was brokered by Kim Susan by way of a charter agreement booking note between Kevin Gros and Kim Susan, with Kim Susan then subchartering the vessels to the Probe Defendants.

10.

The CLARA B and MAAD HUNTER V were directed by Kim Susan to "work for Probe" transporting personnel, equipment, supplies, and cargo to production platforms, drilling

rigs, and/or other offshore installations owned and/or operated by Probe. See charter agreements attached hereto as Exhibit "B-1" through "B-4."

As reflected in the attached charter agreement booking notes, identified as Exhibits B1, B2, B3 and B4, Kim Susan contracted with Kevin Gros to work for Probe Resources, on the following terms:

Ex. B1 Date 12/08/08, Job No. 08-500, Vessel Name CLARA B, Vessel Rate $8000.00 per day plus fuel and lube, plus $25 per man, per meal, per bunk, per day subsistence, Start Time 1500 hr 12/08/08, Mobilization Fourchon, Demobe Fourchon;

Ex. B2 Date 12/13/08, Job No. 08-0512, Vessel Name MAAD HUNTER V, Vessel Rate $8000.00 per day plus fuel and lube, plus $25 per man per meal, per bunk, per day (if used) subsistence, Start Time 0001 hr 12/13/08, Mobe Fourchon, Demobe Fourchon;

Ex. B3 Date 03/12/09, Job No. 09-0110, Vessel Name CLARA B 180' OSV, Vessel Rate $5800.00 per day plus fuel and lube, plus $25 per man, per meal, per bunk, per day (if used) subsistence, Start Time 1800 hr 03/11/09, Mobe Fourchon, Demobe Fourchon;

Ex. B4 Date 03/23/09, Job No. 09-0124, Vessel Name CLARA B 180' OSV, Vessel Rate $5800.00 per day plus fuel and lube, plus $25 per man, per meal, per bunk, per day (if used) subsistence, Start Time 0630 on 03/23/09, Mobe Fourchon, Demobe Fourchon;

11.

Upon obtaining a commitment for the provision of the above-referenced vessels from Kevin Gros, Kim Susan subsequently entered into a Charter Agreement with the Probe defendants to provide the same vessel on the same terms, with an increased day rate which reflected Kim Susan's commission. Each of the vessels were provided to support the transport of

personnel, equipment, supplies and cargo to production platform, drilling rig and/or other offshore installations owned and/or operated by the Probe Defendants. The Probe Defendants subsequently received the transportation of the supply services of the CLARA B and the MAAD HUNTER V, as reflected more fully in the following Kevin Gros invoices which were issued to Kim Susan, and the vessel logs accompanying each invoice. (The invoices and accompanying logs of the CLARA B and MAAD HUNTER V are attached hereto as Exhibits "C-1" through "C-6").

12.

As evidenced by the charter agreements attached as Exhibits "B-1" through "B-4" and the vessel logs attached as Exhibits "C-1" through "C-6", the CLARA B and MAAD HUNTER V provided transportation services between Fourchon and South Timbalier block 198-A (ST 198). At all times pertinent hereto, Probe had a right, title, and interest in ST 198 as evidenced by paragraph 1.47 of the Debt Restructuring Agreement attached hereto as Exhibit "D."

13.

After obtaining full beneficial use of the CLARA B and the MAAD HUNTER V as reflected in the above-referenced invoices and vessel logs, the Probe Defendants discontinued making regular payments to Kim Susan as well as other vendors, causing Kim Susan and other vendors to enter into a Debt Restructuring Agreement, a copy of which is attached hereto as Exhibit "D." Under this Agreement, Kim Susan is restricted from initiating suits against the Probe Defendants and agreed to accept payment of its outstanding invoices in proportion to the profit earned by Probe from certain oil and gas leases.

14.

Kevin Gros is not a signatory to the Debt Restructuring Agreement. While the Plaintiff may be restricted from recovering against Kim Susan for non-payment by Probe under the terms of the Kevin Gros – Kim Susan Brokerage Agreement, Kevin Gros is not restricted from pursuing an action directly against charterers who fail to pay charter hire to Kim Susan.

15.

Kim Susan did not have a power of attorney, or agency authority to enter into the Debt Restructuring Agreement on behalf of Kevin Gros.

16.

Kevin Gros has not been paid in full for the vessel transportation services provided to Probe, and is exercising its rights under the Brokerage Agreement.

17.

Because the Defendant Probe entities have failed to pay charter hire to Kim Susan, the Plaintiff is entitled to pursue against each directly for breach of charter and for unjust enrichment.

18.

Probe is indebted to Kevin Gros Consulting and Marine Services, Inc. for the services of the CLARA B and MAAD HUNTER V, less the percentage owed to Kim Susan, as reflected in the invoices attached as Exhibits "C-1" through "C-6," and under the terms of these invoices for the amount set forth in the table below:

| Invoice No. | Invoice Date | Vessel | Amount | Less Kim Susan % | Balance | Interest Accrued as of 11/01/2010 | Amount Due |
| --- | --- | --- | --- | --- | --- | --- | --- |
| 08-0512-B | 1/16/09 | MAAD HUNTER V | $120,000.00 | ($4200.00) | $115,800.00 | $39,024.49 | $154,824.49 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Payment | 8/16/10 | ----- | ----- | ----- | ----- | ($3138.92) | $151,685.57 |
| Payment | 9/14/10 | ----- | ----- | ----- | ----- | ($1751.87) | $149,933.70 |
| 08-0512-C | 1/19/09 | MAAD HUNTER V | $22,666.67 | ($793.33) | $21,873.34 | $7,339.60 | $29,212.94 |
| 09-0110 | 3/16/09 | CLARA B | $24,650.00 | ($1,232.50) | $23,417.50 | $7,189.31 | $30,606.81 |
| 09-0110-A | 3/23/09 | CLARA B | $34,316.67 | ($1,715.83) | $32,600.84 | $9,894.49 | $42,495.33 |
| 09-0124 | 4/1/09 | CLARA B | $50,629.17 | ($2,531.46) | $48,097.71 | $13,707.93 | $61,805.64 |
| 09-0124-A | 4/2/09 | CLARA B | $2,900.00 | ($145.00) | $2,755.00 | $783.89 | $3538.89 |
| Total | | | | | $244,544.39 | $73,048.92 | |

19.

Upon information and belief, the Defendants have received revenue from the operation and production of hydrocarbons at facilities owned and/or operated by Defendants and which were serviced by the Plaintiffs' vessels.

20.

Kevin Gros has made demand on Probe for payment of charter hire owed in a good faith effort to avoid litigation of this dispute. See August 23, 2010 correspondence sent on behalf of Kevin Gros to Probe attached hereto as Exhibit "E."

**COUNT I – BREACH OF CONTRACT**

21.

Kevin Gros adopts paragraphs 1 through 20 of this Complaint as if fully restated and set forth herein.

22.

As evidenced by the time charter booking notes attached as Exhibits "B-1" through "B-4," Kim Susan agreed to charter, and Kevin Gros agreed to provide, the CLARA B and the MAAD HUNTER V.

23.

Paragraph 6 of the Kim Susan-Kevin Gros Brokerage Agreement vests Kevin Gros with a subrogated right to proceed directly against Probe, the end-user of the CLARA B and MAAD HUNTER V, for non-payment of charter hire less the percentage owed to Kim Susan, as reflected in the invoices attached as Exhibits "C-1" through "C-6."

24.

Pursuant to the charter parties attached as Exhibits "B-1" through "B-4," Kevin Gros provided the CLARA B and MAAD HUNTER V to provide transportation of personnel, equipment, supplies and cargo to production platform, drilling rig and/or other offshore installations owned and/or operated by Probe.

25.

Kevin Gros has been impoverished by the numerous expenses and costs incurred as a result of providing vessels to service Probe facilities without receiving payment for same.

26.

Pursuant to the terms of the invoices attached as Exhibits "C-1" through "C-6," Kevin Gros is entitled to interest on past due balances at the rate of 1.5% per month plus any and all collection fees, attorney fees, and court costs incurred in the collection of said invoices including, but not limited to, the amounts set forth in paragraph 18 of this Complaint.

## COUNT II – UNJUST ENRICHMENT

27.

Kevin Gros adopts paragraphs 1 through 26 of this Complaint as if fully restated and set forth herein.

28.

Upon information and belief, Probe was enriched by the revenue generated from the operation of offshore production facilities serviced by vessels owned and/or operated by Kevin Gros.

29.

Kevin Gros has been impoverished by the numerous expenses and costs incurred as a result of providing vessels to service Probe facilities without receiving payment for same.

30.

There is no justification or cause for Probe to retain the benefit of the services provided by vessels owned and/or operated by Kevin Gros.

31.

Pleading in the alternative, and with full reservation of its ability to pursue a subrogated breach of charter claim against the Probe defendants, there is no other remedy at law available to Kevin Gros.

32.

Probe is liable to Kevin Gros for receiving and unjustly retaining the benefit of services provided by vessels owned and/or operated by Kevin Gros without paying charter hire.

WHEREFORE, Plaintiff Kevin Gros Consulting and Marine Service, Inc. requests that Defendants be cited to appear and answer, and that on final hearing Plaintiff have judgment for the following:

1. Damages in the principal sum of $244,544.39;

2. Prejudgment interest as provided by law;

3. Post-judgment interest as provided by law;

4. Attorney fees;

4. Costs of court; and

5. Such other and general relief to which Plaintiff may be justly entitled.

Respectfully submitted, this 11th day of November, 2010.

        KEVIN GROS CONSULTING & MARINE SERVICE, INC.

        BY: FOWLER RODRIGUEZ VALDES FAULI

        BY:  /s/  Todd G. Crawford
        John A. Scialdone, T.A. (La Bar #21859)
        Todd G. Crawford (La Bar #20150)
        John S. Garner (La Bar #25314)

        Fowler, Rodriguez, Valdes-Fauli
        2505 14th Street, Suite 500
        Post Office Box 4080
        Gulfport, Mississippi 39502

        Phone: (228) 822-9340
        Fax: (228) 822-9343
        E-Mail: tcrawford@frvf-law.com
        *Attorneys for Kevin Gros Consulting & Marine Service, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of November, 2010, I electronically filed the foregoing pleading with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the attorney of record, as follows:

Thomas G. O'Brian, Esquire
Adams and Reese, LLP
4500 One Shell Square
New Orleans, LA 70139

BY: <u>s/ Todd G. Crawford</u>